IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICIA P. HARRISON, *as Dependent Spouse of William Michael Harrison, dec.; and as Administrator of the Estate of William Michael Harrison, dec.*, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) CASE NO. 2:09-CV-229-WKW [WO] |
| v. | )<br>)<br>) |
| ACE AMERICAN INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Patricia P. Harrison filed a wrongful death action against Ace American Insurance Company ("Ace") in the Circuit Court of Barbour County, Alabama, on May 9, 2008. (Compl. (Ex. 23 to Notice).) Harrison's deceased husband, William Michael Harrison, died when a vehicle traveling southbound allegedly struck him in the northbound lane, where he was stooped near the front of a parked truck he drove for ABC Transportation, Inc. ("ABC Transportation"). (First Am. Compl. ¶¶ 1, 12, 20-25 (Ex. 18 to Notice).[1]) Harrison sued ABC Transportation for worker's compensation and Ace for breach of contract for failure to pay coverage benefits under its commercial automobile insurance policy with ABC

---

[1] Harrison amended her complaint to substitute the correct name for her husband's employer, Defendant ABC Transportation. Instead of filing an amended complaint with substitutions for each time Defendant was mentioned, however, Harrison merely noted the change and refiled the complaint. ABC Transportation is substituted for Magantran whenever this opinion directly quotes from Harrison's complaint.

Transportation.[2]  (First Am. Compl. ¶¶ 28-40.)  The worker's compensation claim was severed from the case March 11, 2009.[3]  (Ex. 1 to Notice.)  Less than two weeks after ABC Transportation was severed, Ace removed the case under 28 U.S.C. § 1441(a) on the basis of diversity jurisdiction under § 1332.[4]  (Notice ¶ 3 (Doc. # 1).)  Harrison filed a timely motion to remand under § 1447(c). (Doc. # 8.) ABC Transportation responded in opposition to remand, with a supporting brief (Docs. # 12 & 13), and Harrison replied (Doc. # 14).  For the following reasons, the motion to remand is due to be denied.

A civil action brought in state court over which federal district courts would have original jurisdiction may be removed by a defendant.  § 1441(a).  A case that is not removable based on the initial pleadings may later be removed within thirty days of defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b).

---

[2] Harrison also sued ABC Transportation on the breach-of-contract claim (*see* First Am. Compl. ¶ 31), but in its supplemental brief on a motion to sever, ABC Transportation stated that the complaint and verbal confirmation from counsel confirmed that the breach-of-contract claim was against Ace only (State Ct. Br. 1-2 (Ex. 5 to Notice).)  The Order severing the claim and Harrison's arguments do not suggest otherwise.

[3] The third Defendant was also dismissed, earlier in the case.  (*See* Ex. 4 to Notice.)

[4] ABC Transportation's principal place of business is in Alabama.  (First Am. Compl. ¶ 3.)  Once ABC Transportation was severed, there was complete diversity of citizenship because Harrison is a citizen of Alabama and Ace is a Pennsylvania corporation under both tests for corporate citizenship (First Am. Compl. ¶¶ 1, 4).  *See* § 1332(a)(1).

Harrison argues that removal was improper because there is no subject-matter jurisdiction to hear the case. (Mot. ¶ 25.) Challenges to removal filed within thirty days of removal, whether based on procedural defects or lack of jurisdiction, are challenges to the propriety of removal itself. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.64 (11th Cir. 2007). "[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff – be it the initial complaint or a later received paper – and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Id.* at 1213. "[T]he district court has before it only the limited universe of evidence available when the motion to remand is filed – i.e., the notice of removal and accompanying documents." *Id.* at 1214.

Those documents must "unambiguously" establish jurisdiction. *Lowery*, 483 F.3d at 1213. The jurisdictional amount must be "stated clearly on the face of the documents before the court, or readily deducible from them." *Id.* at 1211. If the evidence does not unambiguously establish jurisdiction in this way, "neither the defendants nor the court may speculate in any attempt to make up for the notice's failings."[5] *Id.* at 1214-15.

---

[5] "[I]n some limited circumstances, a defendant may effectively amend a defective notice of removal upon receipt of additional evidence that supplements the earlier-filed notice." *Lowery*, 483 F.3d at 1214 n.66. But because the face of Harrison's complaint alone establishes jurisdiction, it is unnecessary to resolve whether an affidavit filed with Ace's response may be considered for determining jurisdiction. For the same reason, Harrison's motion to strike the affidavit (Doc. # 15) is due to be denied as moot.

3

Harrison opposes removal, arguing that the amount in controversy is not unambiguously established by the complaint.[6] (Mot. ¶ 24.) Although the complaint never explicitly alleges damages in excess of $75,000, it does allege that in late 2007, Harrison "made a claim with [ABC Transportation] for uninsured and underinsured motorist coverage policy limits" on policies described earlier in the complaint, and that the claim was denied (First Am. Compl. ¶¶ 26-27). (*See* Resp. Br. 2-3.) The only policy alleged earlier in the complaint, which is described with a specific reference to company name and policy number, is the one Ace issued to ABC Transportation for commercial automobile insurance. (*See* First Am. Compl. ¶¶ 9-13.) The complaint acknowledges that the limit for that policy is $2,000,000. (First Am. Compl. ¶ 15.)

Harrison argues that because her claim for the policy limits was directed to ABC Transportation, however, and not to Ace, it cannot serve as a proxy for the damages at issue in her breach of contract claim against Ace. (*See* Reply 3-4.) This argument fails. *Lowery* does not impose hyper-technical rules on litigants seeking to remove cases that clearly belong in federal court. The removal rules as interpreted by *Lowery* protect against "speculation" as to whether jurisdiction exists. *See Lowery*, 483 F.3d at 1211. It is the "absence of *factual allegations*" that should prevent courts from determining the existence of jurisdiction "by looking to the stars." *Id.* at 1215 (emphasis added).

---

[6] Diversity jurisdiction requires there to be an amount in controversy that exceeds $75,000. § 1332(a).


No divination is necessary here. It is common practice in Alabama to make demands on an insured for the benefits due under under an insurance policy. The facts as alleged in the complaint establish that Harrison made a claim to ABC Transportation for the policy limits of $2,000,000 on a policy issued to ABC Transportation by Ace. That much money, therefore, to a legal certainty, is in controversy with respect to the breach-of-contract claim against Ace.[7] Jurisdiction is unambiguously established by the face of the complaint because it alleges that Harrison made a demand for policy limits, which exceed $75,000, and on a policy issued by the defendant.[8]

---

[7] The following footnote to the response Ace filed to Harrison's motion to strike states the argument accurately:

> It is important to note that, although Plaintiff's complaint alleges that the policy limits demand was made on [ABC Transportation], the demand was made for benefits under the Policy. Thus, Plaintiff was valuing her total claims under the Policy at $2,000,000.00. The demand was sent to ABC Transportation, as Defendant's insured. Such a demand was no different than if it had been to Defendant, itself. Further, *Lowry* [sic] only requires that the document showing the value of Plaintiff's claims come from the Plaintiff[;] it does not require it be directed to the defendant who is ultimately sued, *Lowery* at 1213 n. 63. By making the demand articulated in paragraph 26 of Plaintiff's complaint, Plaintiff valued her claims against the Policy at $2,000,000.00. Plaintiff has sued Defendant for benefits as issuer of the Policy. Thus, Plaintiff has previously represented that the amount in controversy in this action is at least $2,000,000.00. The fact that the demand was made on [ABC Transportation] rather than Defendant is completely irrelevant to the amount in controversy in this action.

(Resp. to Mot. Strike 3 n.1 (Doc. # 16).)

[8] *Cf. Warth v. State Farm Fire & Cas. Co.*, 792 F. Supp. 101, 103 (M.D. Fla. 1992) ("Due to the fact that Plaintiffs in this case have not plead *or represented to this Court* the damages they seek, the face amount of the policy does not control on the issue of the threshold jurisdictional amount." (emphasis added)). Incidentally, the court in *Lowery* stated that demand letters establishing an amount in controversy exceeding $75,000 and filed on removal may be the basis for removal under § 1446(b). *Lowery*, 483 F.3d at 1212 n.62; *cf. id.* at 1213 n.66 (noting exception related to letters filed later). In this case, jurisdiction is established in even one less step removed. The complaint *itself* alleges that Harrison made a claim on the policy's insured for the policy limits. The complaint then is the documentation of a demand sufficient to establish jurisdiction.

Accordingly, it is ORDERED that Harrison's motion to remand (Doc. # 8) is DENIED.  It is further ORDERED that Harrison's motion to strike (Doc. # 15) is DENIED as moot.

DONE this 15th day of June, 2009.

                                          /s/   W.  Keith Watkins
                                      UNITED STATES DISTRICT JUDGE