IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICIA P. HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:09-CV-229-WKW [WO] |
| ) | |
| ACE AMERICAN INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Before the court are Defendant Ace American Insurance Company's ("Ace") motions to exclude the testimony of Plaintiff Patricia Harrison's expert (Doc. # 29) (*Daubert* motion) and for summary judgment. (Doc. # 32.) This opinion addresses the summary judgment motion, while the *Daubert* motion has been addressed in a separate memorandum opinion.

This case arises from the unexplained death of Mr. William Michael Harrison, whose body was found on the pavement next to his tractor trailer on a two-lane highway in Texas on the morning of May 16, 2006. (Doc. # 30, at 1-2.) Ace has moved for summary judgment as to all Ms. Harrison's claims. The motion is due to be denied.

### I. JURISDICTION AND VENUE

The court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332 and 1441. The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of each.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish, with evidence beyond the pleadings, that a genuine issue material to each of its claims for relief exists. Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324. What is material is determined by the substantive law applicable

to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). Furthermore, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (internal quotation marks and citation omitted).

A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001). If the evidence on which the nonmoving party relies, however, "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). "A mere 'scintilla' of evidence supporting the [nonmovant's] position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party," *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted), and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential

to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment should be granted in favor of the defendant. *Celotex*, 477 U.S. at 323.

Thus, in cases where the evidence is admissible on its face or can be reduced to admissible form and establishes there is no genuine issue of material fact, and where the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-24.

### III. BACKGROUND

There are no witnesses to Mr. Harrison's death. The Texas Department of Public Safety Trooper who investigated his death concluded that Mr. Harrison had parked his tractor-trailer in the northbound lane of Texas State Highway 43 ("SH43"), a two-lane road in Cass County, Texas, at the time of the accident. (Doc. # 30, Ex. C-1, at 52.) The Trooper believed that "Mr. Harrison was out of his vehicle and in the southbound lane when he was struck," and opined that Mr. Harrison was either outside the truck checking a mechanical problem or was lacking "the normal use of his mental and physical faculties at the time of the accident," such as due to substance abuse, heart attack, or stroke, as the Trooper could not understand how it occurred otherwise. (Doc. # 30, Ex. C-1, at 52.) The Trooper noted that a witness had reported, at 1:19 a.m., seeing Mr. Harrison sitting in his truck while stopped at the same place in the roadway, almost five hours before he was believed to be struck. (Doc. # 30, Ex. C-1, at 52.) The Trooper believed that Mr. Harrison may have been out of his truck on his hands and knees trying to flag down a passing motorist for help with

a medical problem when he was struck, and that it was possible, given the dawn lighting conditions and Mr. Harrison's position below the line of sight and behind the illuminated headlights of his truck, that the motorist who hit him was unaware that he or she had done so. (Doc. # 30, Ex. C-1, at 52.)[1]  While there was blood and brain matter splattered on the roadway, none was found on the truck itself, leading the Trooper to believe that Mr. Harrison was quite low to the ground at the time he was struck.  (Doc. # 30, Ex. E, at 4.)  Mr. Harrison was 5'7" tall, and his body was found within two to four feet from his truck – that is, within less than one body length of the truck. (Doc. # 30, Ex. E, at 5 (Trooper's affidavit stating that Mr. Harrison's body was three to four feet from the truck). *But see* Doc. # 30, Ex. C-3, at 13 (photograph in which the distance appears closer to two to three feet).)

Mr. Harrison's autopsy determined that the cause of his death was "blunt force injuries to the head." (Doc. # 30, Ex. C-1, at 26.)  The autopsy report states that "[t]he majority of the right side of the head is absent at the level of the right eye and above," and that there were "extensive fractures of the base of the skull and the right side of the calvarium." (Doc. # 30, Ex. C-1, at 24.)  There was no evidence of preexisting medical problems or substance abuse that could have contributed to an impaired state.

Experts retained by Ace agree with the Trooper's conclusion that Mr. Harrison was not inside his truck at the time of the impact, and their report is submitted as an exhibit.

---

[1] At least two newspaper accounts, submitted by Ace, state otherwise. The *Texarkana Gazette*, reported that Mr. Harrison "was learning out of the truck" when struck. (Doc. # 30-3, at 57.) KTBS News reported that Mr. Harrison "was hanging out over the truck" when he was struck. (Doc. # 30-3, at 58.) Both accounts cite as their source Texas Department of Public Safety investigators.

(Doc. # 30, Ex. H-1.) By contrast, Plaintiff's proposed expert witness, Clifford Prosser, has opined that the accident occurred while Mr. Harrison was leaning out of the driver's side door of his truck, having positioned his head below the door level in order observe the steering action of the front wheels. (Doc. # 30, Ex. A.) The relevance of this factual dispute is that the insurance policy issued by Ace to Mr. Harrison's employer, ABC Transportation, Inc., covers persons "'occupying' a covered 'auto' or a temporary substitute for a covered 'auto.'" (Doc. # 30, Ex. J, at 24.) The policy further defines "occupying" as meaning "in, upon, getting in, on, out or off." (Doc. # 30, Ex. J, at 27.)

## IV.  DISCUSSION

Some of Ace's arguments in support of its summary judgment motion are moot, given the denial of its *Daubert* motion seeking to exclude the testimony of Plaintiff's expert. Two arguments remain.[2]

### A.  *Judicial Admission*

First, Ace argues that Ms. Harrison's complaint admits that Mr. Harrison was outside the truck at the time of impact, and thus not covered by the uninsured motorist policy. The Amended Complaint alleges that "[f]or reasons explained below, Mr. Harrison parked his truck on State Highway 43, exited the cab, stooped near the front of his truck, and was struck by a passing vehicle." (Doc. # 1, Attach. 19, ¶ 22.) According to Ace, this language

---

[2] Because of the denial of the *Daubert* motion, it is not necessary, in deciding the summary judgment motion, to address the issues of Alabama law concerning the interpretation of the insurance contract. The court notes, however, that such issues may again become relevant at trial, and that the parties should be prepared to address them if they arise.

constitutes a judicial admission contrary to the testimony that Mr. Prosser now proposes to offer. *See Chick-fil-A, Inc. v. CFT Dev., LLC*, 652 F. Supp. 2d 1252, 1260 (M.D. Fla. 2009). Ms. Harrison now argues that the statement was made in the course of "parrot[ting]" the Texas Trooper's accident report, and that, as the burden is on Ms. Harrison to ultimately prove liability, Ace is not prejudiced by an altered statement.

The continued inclusion of the paragraph 22 in the Amended Complaint is an unfortunate oversight, given Ms. Harrison's current theory of the case. The court is unconvinced, however, that it requires the wholesale dismissal of the case. In the Eleventh Circuit, "'the general rule [is] that a party is bound by the admissions in his pleadings.'" *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1177 (11th Cir. 2009) (quoting *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983)). An examination of the facts of cases in which this rule was applied reveals that the reality is not so absolute, or perhaps that an "admission" is not simply any statement made by a party in a pleading that the party later attempts to contradict. The cases cited by the parties and discovered by the court have common threads. Typically they concern facts that are within the unique knowledge of the party making an assertion. Thus, in *Cooper*, parties could not seek to claim that their principal places of business were in Florida after explicitly denying that they had such places of business in an earlier pleading. 575 F.3d at 1177. In *Chick-fil-A*, the admission concerned the nature of a party's business (additionally, as Ms. Harrison notes, the admission in *Chick-fil-A* was made repeatedly, and was supported by substantial evidence

7

in the record). 652 F. Supp. 2d at 1260.  The admissions in these cases also have in common that they do not typically concern issues of pure fact, but of the application of fact to law, often (as in *Cooper*) for jurisdictional or venue-related purposes, or (as in *Chick-fil-A*) to establish other quasi-legal conclusions drawn from underlying collections of fact (that is, the nature of a restaurant's business is based on myriad separate, concrete facts, but the ultimate application of a label such as "quick service" was a conclusion, with a particular contractual meaning, drawn from those facts).

The purported admission in this case does not share these characteristics.  Obviously, the actual position of Mr. Harrison in the moments leading up to his death is not within the unique knowledge of Ms. Harrison.  Further, it is not a legal or quasi-legal conclusion, such as an admission about the meaning of some phrase in a contract or other document.  Unlike in *Chick-fil-A*, the court is in no position to say that the evidence plainly supports the statement made in paragraph 22.  It was simply a statement (paralleling the conclusion of the Trooper's report, but otherwise unsupported) about Mr. Harrison's position at the time of his death.  As demonstrated by previous discussion in this opinion and the *Daubert* opinion, the degree of certainty about what happened to Mr. Harrison is necessarily limited, and it was even more limited at the time the Complaint was filed, before any discovery had been conducted.

While Ms. Harrison has missed the deadline to file amendments to her complaint, the court notes that Rule 15(b)(1) expressly contemplates the amendment of a complaint at the

8

time of trial to conform to the evidence presented, and that, in general, it is appropriate to freely give leave to amend complaints in the interest of justice. Fed. R. Civ. P. 15(a)(2). Accordingly, the court finds it appropriate to grant such leave here, and directs Ms. Harrison to amend her complaint to conform with her theory of the case within seven days of this opinion's issuance.[3]

### B. *Existence of a Genuine Issue of Material Fact*

Second, Ace argues that, even if Mr. Prosser's testimony is admitted, it does not create a genuine issue of material fact, because no reasonable jury could find, based on his evidence, that Mr. Prosser was covered by Ace's policy. Most of Ace's arguments are reprises of those made in the *Daubert* motion concerning the reliability of Mr. Prosser's testimony. For the reasons given in the opinion on that motion, the court disagrees and finds that Mr. Prosser is qualified under *Daubert* to present his evidence to the jury. It follows that the jury could choose to believe him, at least given the state of the evidence at this stage. There is no need to further rehash the details of the proposed testimony in this opinion.

Finally, Ace argues that in order to recover under the policy, Mr. Harrison's accident must have been due to the negligence of the "phantom motorist," and no evidence in the record supports a finding that Mr. Harrison's death was due to another party's negligence,

---

[3] The case law exempts pleadings in the alternative from the general rule about judicial admissions. The Rules permit such pleadings, and they are not to be read as "admissions" contracting one another. *Cooper*, 575 F.3d at 1178 n. 17; *see* Fed. R. Civ. P. 8(d)(2). While the Amended Complaint was not pled in the alternative, in the circumstances of the case, it is in the interests of justice to permit Ms. Harrison to amend her complaint to add an "alternative" explanation of Mr. Harrison's position at time of death. The court also notes that Ace does not claim it was prejudiced by any lack of notice concerning Ms. Harrison's theory of the case.

rather than his own or no one's. It would certainly be plausible to argue, to the finder of fact, that Mr. Harrison's own negligence played a role in his death. But the court cannot say, on the state of this record, that no reasonable jury could find any negligence on the part of the phantom driver. Ms. Harrison posits, for example, that a passing motorist should have seen Mr. Harrison's truck, or Mr. Harrison himself, and taken action to avoid the collision that apparently occurred. There is nothing so incredible or fantastic about this theory that a jury would be prohibited from believing it.

## V. CONCLUSION

For the foregoing reasons, it is ORDERED that the motion for summary judgment (Doc. # 32) is DENIED.

DONE this 8th day of July, 2010.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE